**Michael J. FLORES; Lee Flores,**
**Plaintiffs–Appellants,**

v.

**MATTHEWS & BRANSCOMB; James**
**H. Robichaux; James Clancey; Jef-**
**frey Dickersen, Defendants–Appellees.**

No. 05–51719
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 22, 2007.

Michael J. Flores, Floresville, TX, pro
se.

Lee Flores, Floresville, TX, pro se.

Before REAVLEY, SMITH, and
BARKSDALE, Circuit Judges.

PER CURIAM: *

Michael and Lee Flores appeal, *pro se,*
the dismissal of their 42 U.S.C. § 1983
action against a private law firm and three
of its members as frivolous, pursuant to 28
U.S.C. § 1915. That dismissal is reviewed
for abuse of discretion. *Norton v. Dima-
zana,* 122 F.3d 286, 291 (5th Cir.1997).
Affording the pleadings and brief the req-
uisite liberal construction, *e.g., Grant v.
Cuellar,* 59 F.3d 523, 524 (5th Cir.1995),
there was no such abuse.

First, the Floreses offer no concrete as-
sertions of a violation of the Constitution
or federal law, nor assert any facts to
support their conclusory claim that defen-
dants acted under the required color of
state law. *See West v. Atkins,* 487 U.S. 42,
48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988);
*Mills v. Criminal Dist. Court No. 3,* 837
F.2d 677, 678 (5th Cir.1988). In that re-
gard, a state-law claim against the defen-
dant attorneys for professional misconduct
is not a basis for § 1983 relief. *See
O'Brien v. Colbath,* 465 F.2d 358, 359 (5th
Cir.1972); *see also Baker v. McCollan,* 443
U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d
433 (1979) (a § 1983 complaint is not a
vehicle for vindicating rights arising under
state tort law). Finally, the Floreses offer
no specific facts to support their claim of a
conspiracy between defendants and the
state court. *See Young v. Biggers,* 938
F.2d 565, 569 (5th Cir.1991).

***AFFIRMED.***

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.